UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
FAI PO JEWELLERY INC.,

        Index No. 06 cv 3478 (KMK)

        Plaintiff,

    -against-                  **COMPLAINT**

USN TELEVISION GROUP, USN CORPORATION,    (JURY TRIAL DEMANDED)
JOHN DOE, JANE DOE, ABC CORP., and
XYZ LLC,

        Defendant.
----------------------------------------------------------------X

1.  This is a lawsuit to compel defendants to pay to plaintiff the monies owed to plaintiff under applicable state and federal law.

### JURISDICTION AND VENUE

2.  This court has subject matter jurisdiction over the within civil action pursuant to 28 U.S.C. §§ 1331, and 1332(a) where the civil action arises under the laws of the United States, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and it is between a corporation of the State of New York and a foreign corporation.

3.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

### PARTIES

4.  Plaintiff, Fai Po Jewellery Inc. ("Fai Po"), is a corporation organized under the laws of the State of New York, with its principal place of business located at 10 West 46th Street Suite 1703, New York, NY 10036.

5.  The defendants, USN Television Group and USN Corporation (collectively "USN") are, upon information and belief, affiliates or related entities and are organized under the laws of the State of Colorado and have filed with the U.S. Securities and Exchange Commission. USN has

its principal place of business located at 2121 Avenue of the Stars, Suite 2950, Los Angeles, CA 90067, has an office at 5215 North O'Conner, Suite 1200, Irving, TX 76039, and has a registered agent located at 1675 Broadway, Denver, CO 80202. Upon information and belief USN Television Group and USN Corporation are alter egos of each other.

6. The defendants "ABC Corp." and "XYZ LLC" being fictitious and unknown to plaintiff, business entities affiliated with the defendants.

7. The defendants "John Doe" and "Jane Doe" being fictitious and unknown to plaintiff, persons affiliated with defendants.

<u>FIRST CAUSE OF ACTION: BREACH OF CONTRACT</u>

8. Plaintiff realleges each allegation set forth in paragraphs 1 through 5, as if they are fully restated here.

9. Defendants sent to plaintiff purchase orders, ordering jewelries from plaintiff.

10. Each one of the purchase orders constitutes a contract.

11. Plaintiff fulfilled its duties under the contracts by shipping the goods to defendants. Defendants accepted the goods and were obligated to pay for said goods pursuant to the contract.

12. Defendant has breached the contract between plaintiff and defendant by failing to pay for goods ordered by each of the purchase orders.

13. Defendants have breached their contractual obligations to plaintiff, and thus plaintiff is entitled to damages as set forth below.

<u>SECOND CAUSE OF ACTION: BREACH OF IMPLIED-IN-FACT CONTRACT</u>

14. Plaintiff realleges each allegation set forth in paragraphs 1 through 11, as if they are fully restated here.

15. The facts and circumstances of this case demonstrate that the parties intended to operate under a set course of dealing. The parties intended for there to be a binding contract between them.

16. The defendants sent purchase orders to plaintiff with the expectation that plaintiff would send goods to defendants, and plaintiff expected to be paid for the shipment of these goods. Plaintiff did in fact send the goods to defendant.

17. This implied contract did in fact govern the parties' actions.

18. Defendants have breached their implied in fact contractual obligations to plaintiff, and thus plaintiff is entitled to damages as set forth below.

<u>THIRD CAUSE OF ACTION: UNJUST ENRICHMENT</u>

19. Plaintiff realleges each allegation set forth in paragraphs 1 through 16, as if they are fully restated here.

20. Plaintiff provided defendants with the beads, precious stones, and jewelry that defendants ordered from plaintiff. Defendants accepted and retained the jewelry without full payment for value.

21. As a direct and proximate result of their unlawful acts, Defendants have been unjustly enriched from the sale of plaintiff's goods, and plaintiff has suffered economic loss by virtue of defendants' conduct.

22. Defendants have been unjustly enriched, and thus plaintiff is entitled to damages as set forth below.

## FOURTH CAUSE OF ACTION: ACCOUNT STATED

23. Plaintiff realleges each allegation set forth in paragraphs 1 through 20, as if they are fully restated here.

24. Defendants have acknowledged owing plaintiff $132,797.85. The accounts due have been acknowledged by all of the parties and the balances are based on documents in all parties' possession.

25. Despite repeated demands, defendants have failed to make full payment on the deficient account of $132,797.85. Thus plaintiff is entitled to damages as set forth below.

## FIFTH CAUSE OF ACTION: BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

26. Plaintiff realleges each allegation set forth in paragraphs 1 through 23, as if they are fully restated here.

27. Defendants have failed to observe the reasonable commercial standards of fair dealing in the industry.

28. Defendants have not taken reasonable efforts towards meeting their contractual obligations under the parties' contracts. Defendants have taken affirmative steps to frustrate the fruition of plaintiff's contractual rights.

29. Defendants have failed to effectuate the contractual intentions of the contracting parties by failing to meet their contractual obligations and by failing to take any significant measures towards performance of the contracts.

30. By failing to meet their contractual obligations, even though plaintiff has fulfilled its contractual duties, the defendants have injured and prejudiced the rights of the plaintiff.

31. Thus the defendants has breached the covenant of good faith and fair dealing under the Contracts, and plaintiff is entitled to damages as set forth below.

<u>SIXTH CAUSE OF ACTION: FRAUDULENT INDUCEMENT</u>

32. Plaintiff realleges each allegation set forth in paragraphs 1 through 29, as if they are fully restated here.

33. Defendants sent to plaintiff promises of payment and payment plans that defendants knew was false and misleading.

34. Defendants did not have any intention of paying plaintiff and made the fraudulent misrepresentations to plaintiff for the purposes of fraudulently inducing plaintiff into entering into more contracts with defendant and shipping more jewelry to defendants.

35. Furthermore, defendants lied and misrepresent to plaintiff about defendants solvency.

36. Plaintiff relied on both of these material representations to plaintiff's detriment.

37. Plaintiff was ultimately damaged due to defendants' false representations and is entitled to damages as set forth below.

<u>SEVENTH CAUSE OF ACTION: FRAUD</u>

38. Plaintiff realleges each allegation set forth in paragraphs 1 through 35, as if they are fully restated here.

39. Defendants made a series of material misrepresentations to plaintiff, including but not limited to defendants fraudulent misrepresentations as to their ability to pay for the goods that defendants ordered, the viability and solvency of defendant's corporation, defendants corporate structure and officers. These misrepresentations were made by representatives of defendant in e-mails and phone calls made throughout the year of 2005

40. Defendant also misrepresented the payment schedule and timetable for payment that defendant told to plaintiff to induce reliance and encourage plaintiff to ship defendant more goods.

41. Plaintiff was ultimately damaged due to defendants' false representations and is entitled to damages as set forth below, including punitive damages, treble damages and attorneys fees pursuant to the statute.

## EIGHTH CAUSE OF ACTION: CIVIL RICO

42. Plaintiff realleges each allegation set forth in paragraphs 1 through 39, as if they are fully restated here.

43. Defendants have violated 18 U.S.C. § 1962 by engaging in racketeering activities. These racketeering activities are actions that 18 U.S.C. § 1961 specifically defines as racketeering activities, including but not limited to, violations of the common law, 18 U.S.C. §§ 1341 and 1343.

44. These violations have directly injured plaintiff's business because of the plaintiff's detrimental reliance on defendants' actions. Furthermore, defendants perpetrated a racketeering scheme upon plaintiff by using their enterprise to defraud plaintiff of at least $132,797.85.

45. Plaintiff was ultimately damaged due to defendants' racketeering activities and is entitled to damages as set forth below, including punitive damages, treble damages and attorneys fees pursuant to the statute.

<u>JURY TRIAL DEMAND</u>

Plaintiff Fai Po Jewellry Inc., hereby demands a trial by jury as to all issues so triable.

WHEREFORE, plaintiff prays judgment as follows:

1. On the first, second, third, fourth, fifth, and sixth causes of action against defendants, an amount no less than $132,797.85 for actual and compensatory damages, together with costs of the action, including attorney's fees and such other and further relief as the Court may deem just and reasonable;

2. On the seventh and eight causes of action against defendants, actual and compensatory damages. Plaintiff also seeks treble damages, punitive damages and attorney fees pursuant to the statute, together with costs of the action, and such other and further relief as the Court may deem just and reasonable.

3. Also, an award of costs and pre-judgment and post-judgment interest.

4. Such other and further relief as the court may find proper.

Dated: May 5, 2006
        New York, New York

Wong, Wong & Associates, P.C.

By:     __/s/ Mohamad Adel Akbik_____
        Mohamad A. Akbik, Esq.
        Attorneys for plaintiff
        150 Broadway, Suite 1588
        New York, New York 10038
        (212) 566-8080

VERIFICATION

STATE OF NEW YORK        )

                         )   ss.:

COUNTY OF NEW YORK    )

Kam Wai Chow, as president of Fai Po Jewellery Inc., being duly sworn, deposes and says to be true and correct, under the penalties of perjury, the following:

I am the president of the plaintiff in the within action and have read the foregoing verified complaint and know the contents thereof.  The same are true and correct to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.


_/s/_____
Kam Wai Chow


Sworn to before me this
_____ Day of May, 2006


_____
Notary Public